NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019
Decided August 30, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1002

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:18-CR-30094-DRH-1 |
| MICHAEL E. GRIESINGER, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Michael Griesinger, a federal inmate, pleaded guilty to assaulting another inmate in violation of 18 U.S.C. § 113(a)(6) and was sentenced within the relevant applicable guidelines range to 46 months' imprisonment, to run consecutively to the remainder of the sentence he was serving. Griesinger now appeals his sentence, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Griesinger did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that we might expect an appeal of this kind to involve, so we limit our review to the subjects that he discusses. *See United States v. Wagner*, 103 F.3d 551, 552–53 (7th Cir. 1996).

Counsel informs us that he consulted with Griesinger and that Griesinger does not wish to challenge or withdraw his guilty plea. Accordingly, counsel properly avoids discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel does consider whether Griesinger could challenge his sentence but correctly concludes that such a challenge would be frivolous. Counsel explains that the district judge accurately calculated an offense level of 16 and a criminal history category of VI, yielding a guidelines range of 46 to 57 months. Further, we are entitled to treat Griesinger's within-guidelines sentence as presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel does not identify any reason to challenge that presumption here, and we discern none. The judge properly addressed all Griesinger's principal arguments and the sentencing factors in 18 U.S.C. § 3553(a) by discussing Griesinger's personal history and characteristics, including his "rough upbringing" and "extraordinary disadvantages" as a child, as well as the need for deterrence in a prison setting, where an assault could have "resulted in something much larger." Lastly, counsel notes that challenging the consecutive nature of Griesinger's sentence would be pointless, given the Sentencing Commission's instruction that a sentence for an offense committed during imprisonment should "run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.